TYSON, Judge.
Edmond E. Payne escaped from the Tal-ladega County Jail together with Billy Wayne Roberts and Michael Thatch on May 8, 1981.
During the course of this escape, the three men abducted Harold Kent Long and forced him to let them use his automobile to further their escape. Initially, Roberts drove the vehicle with Mr. Long on the front seat between Thatch and Roberts. The appellant was in the back seat by himself.
Mr. Long testified (R. 6) that the appellant held a knife to his throat and told him if he tried anything he would kill him.
At some point during this abduction Roberts took the victim’s watch and Thatch took his money. There was evidence that appellant later ended up with the watch (R. 14, 48), and that he asked Thatch for some of the money (R. 15).
Roberts drove the car to Gadsden and departed. Thatch then drove the car to Guntersville and departed. The appellant and Mr. Long returned to Talladega where Mr. Long escaped when the appellant left the automobile to make a telephone call.
The appellant was tried for and convicted of “escape” as recorded in this record as 7 Div. 914A (CC 81-314). He was also convicted of “robbery” with reference the watch and the money taken from Mr. Long as evidenced by the transcript labeled 7 Div. 914 (CC 81-313).
A combined sentencing hearing was held following these two convictions wherein the appellant, pursuant to the Alabama Habitual Felony Offender Act, was sentenced to life imprisonment for both crimes.
I
It is with reference the latter conviction for “robbery” that this appellant prosecutes this appeal. His sole contention is that the evidence is insufficient to support the “robbery” conviction because, although he was present in the back seat of the automobile, he did not actively participate in the “taking” of the watch or the money. Contrary to Payne’s contentions, there was sufficient evidence to convict this appellant for “robbery” either as a principal or as an accomplice. Appellant’s apparent theory is that he did not know that Roberts and Thatch were going to “rob” the victim and did nothing to encourage them. The evidence to the contrary tended to show that the appellant supplied much of the “threat of force” used in the abduction and departed with some of the “fruits” of the “robbery.” *1305 Furthermore, there is no evidence that appellant, at any time, attempted to prevent the “robbery” or that he was forced to participate therein.
We have examined both of these records and find no error. The judgments are affirmed.
AFFIRMED.
All the Judges concur.